UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| FRIEDA A. AUSTIN, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:06-cv-19 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | |
| _____) | |

      This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On August 29, 2006, the court entered a judgment (docket # 18), pursuant to the stipulation of the parties, reversing the Commissioner's decision and remanding the matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On September 20, 2006, plaintiff filed a motion requesting an award of $2,732.74 ($2,712.50 in attorney's fees and $20.24 in expenses) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (docket # 19).[1] Defendant elected not to file a response to plaintiff's motion. Upon review, the plaintiff's motion will be granted in part

_____

[1] Defendant did not object to the motion on the basis that it was premature. The judgment remanding this matter to the Commissioner did not become a "final judgment" within the meaning of the EAJA until October 30, 2006, when the government's sixty-day period within which to appeal the judgment expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Marshall v. Commissioner*, 444 F.3d 837, 842 n. 3 (6th Cir. 2006); *Townsend v. Commissioner*, 415 F.3d 578, 581 (6th Cir. 2005).

and denied in part, and judgment will be entered in plaintiff's favor against defendant in the amount of $1,957.74.

## Discussion

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See Marshall v. Commissioner*, 444 F.3d at 840; *United States v. $515,060.42 in United States Currency*, 152 F.3d 491, 506-07 (6th Cir. 1998). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees. Defendant made no attempt to satisfy defendant's burden of demonstrating that the government's position was substantially justified. *See Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). The court finds that plaintiff is entitled to an award of attorney's fees under the EAJA.

The Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Bagley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

The 15.50 hours expended by plaintiff's attorney in this matter is reasonable for the services performed. The EAJA generally caps the hourly rate for attorney's fees at $125 per hour.  28 U.S.C. § 2412(d)(2)(A).  Plaintiff's attorney seeks to recover at a rate of $175 per hour, well in excess of the statutory cap.  The statute specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)  In *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002), the Supreme Court observed that the statutory $125 per hour cap applies "in the mine run of cases."  *See also Martin v. Commissioner*, 82 F. App'x 453, 456 (6th Cir. 2003)("This Court initially finds that the rate of $125 per hour, as set by statute, should apply in this case, notwithstanding [plaintiff's] counsel's claim that he should be entitled to a higher rate.").  Plaintiff's brief does not address the statutory cap or applicable case law.  The evidence plaintiff submitted in support of the application for attorney's fees is insufficient to support a finding that "the cost of living or a special factor" entitles plaintiff to an award at an hourly rate in excess of the statutory cap. Multiplying the 15.50 hours reasonably expended and the $125 per hour rate results in a $1,937.50 total.  The court finds that plaintiff is entitled to an award of EAJA attorney's fees in the amount of $1,937.50.

Plaintiff seeks recovery of $20.24 in "fees and expenses" for postage and service of process pursuant to 28 U.S.C. § 2412.  Defendant has not objected to any expense item.  Reasonable expenses for postage are generally recoverable under section 2412(d).  *See Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988); *Vaughn v. Heckler*, 860 F.2d 295, 296 (8th Cir. 1988); *Aston v. Secretary of Health & Human Servs.*, 808 F.2d 9, 12 (2d Cir. 1986).  A reasonable expense or fee incurred for service of process is likewise recoverable.  *See e.g.*, *London v. Halter*, 203 F. Supp. 2d 367, 371

(E.D. Tenn. 2001).   Thus, plaintiff is entitled to recover $20.24 for expenses, resulting in a total award of $1,957.74.

## Conclusion

For the reasons set forth herein, plaintiff's motion for attorney's fees and expenses pursuant to the EAJA will be granted in part and denied in part, and judgment will be entered in plaintiff's favor against defendant in the amount of $1,957.74.


Date:   November 21, 2006            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE